United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE ANN MORRIS, and THE MORRIS FAMILY QTIP TRUST, by and through its trustees, JULIE ANN MORRIS and TERESA MORRIS FRANC,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CHOICEPOINT SERVICES, INC., EQUISEARCH SERVICES, INC., LEE ROTHMAN, an individual, and MELLON INVESTOR SERVICES, LLC,<br><br>　　　　Defendants. | No. C-06-1224 SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO <u>DISMISS</u> |

## I.  **INTRODUCTION**

Plaintiffs Julie Ann Morris, The Morris Family QTIP Trust <u>et al</u>. ("Plaintiffs") brought this action in The Superior Court of the State of California in the County of Marin, against Choicepoint Services, Inc. <u>et al</u>., ("Defendants"), alleging, <u>inter alia</u>, fraud and elder abuse.  Defendants timely removed the action to the U.S. District Court for the Northern District of California on the basis of diversity jurisdiction.

Presently before the Court is Defendants' motion to dismiss

certain causes of action pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

The Court, having reviewed the parties' submissions, hereby GRANTS in part and DENIES in part Defendants' motion to dismiss. The Court also STRIKES Julie Ann Morris from the action in her role as beneficiary. Julie Ann Morris remains a party to the suit, but only in her role as trustee.

## II. BACKGROUND

The following facts are taken from the Complaint and will be assumed as true for purposes of this Order.[1]

Plaintiff Julie Ann Morris ("Julie") is the widow of James Morris, who arranged for a living trust to benefit the surviving spouse of the couple's marriage. See Complaint ("Compl.") ¶ 7.[2] Julie was 67 at all relevant times. See id. ¶ 7. James Morris purchased 2,600 shares of Northern Empire Bancshares ("Stocks"), registering himself as owner and listing his medical office as the address of the registered shareholder. See id. ¶ 7.

At his death in 1993, a QTIP[3] trust ("Trust") came into existence, naming Julie and Teresa Morris Franc as trustees, and Julie as beneficiary. See id. ¶ 9. The Stocks were part of the

---

[1] Although this document is in fact the First Amended Complaint, the Court, for purposes of this Order, will refer to it as the Complaint.

[2] For purposes of clarity, the Court will refer to Plaintiff Julie Ann Morris as Julie in this Order.

[3] Qualified Terminable Interest Property.

-2-

Trust. See id.

After James Morris's death, the transfer agent of the Stocks, Defendant Mellon Investor Services LLC ("Mellon"), found that mail it had been sending to James Morris was being returned to Mellon. See id. ¶ 11. In an attempt to locate James Morris, Mellon hired Defendants Choicepoint and Equisearch to find James Morris's correct address. See id.

An employee of Choicepoint and Equisearch, Defendant Lee Rothman ("Rothman"), contacted Julie and told her that he had discovered "abandoned property" that Julie was entitled to recover on behalf of her husband's estate. See id. ¶¶ 12-13. Though Rothman refused to specify what this abandoned property was, this "abandoned property" was the Stocks. See id. ¶ 15. Rothman informed Julie that in order to recover the property, Julie must sign a fee agreement which would grant Choicepoint 35% of the recovered property. See id. After being pressed by Julie, Rothman said that the property was worth $17,000.00. See id. Because of Rothman's repeated efforts to persuade her, Julie signed the agreement. See id. Rothman's subsequent letter to Julie finally identified the property as the Stocks and stated that Choicepoint would "pay ALL FEES required to complete the recovery of the shares of stock." See id. ¶ 16.

Rothman informed Julie that the Stocks were sold for $339,286.10, from which Choicepoint and Equisearch paid themselves $118,240.68 in contract fees and $1,513.24 in brokerage fees. See id. ¶ 18. The balance of $219,589.83 was delivered to Julie. See id.

1  The accountant for the Trust found that because the Stocks
2  were already a part of James Morris's estate plan, they were held
3  with a low tax basis.  See id. ¶ 19.  The sale generated a capital
4  gain of $197,107.18, which had to be recognized for tax purposes.
5  See id.  This recognition resulted in the elimination of a tax
6  loss carry-forward in the amount of $47,897.04.  See id.

7  In response to these events, Plaintiffs filed suit in The
8  Superior Court of California for the County of Marin.  Defendants
9  timely removed the action to the U.S. District Court for the
10 Northern District.  The First Amended Complaint lists nine causes
11 of action:  (1) violation of the unclaimed property law;
12 (2) rescission for illegality; (3) rescission for mutual mistake;
13 (4) rescission for unilateral mistake; (5) conversion; (6) elder
14 financial abuse; (7) fraud; (8) negligent misrepresentation; and
15 (9) violation of the unfair competition law.  See Compl.

16 At present, Defendants move to dismiss five of these causes
17 of action, specifically the first, sixth, seventh, eighth and
18 ninth.  Defendants also allege that Julie cannot bring this action
19 as both a beneficiary and a trustee of the Trust.

### III. LEGAL STANDARD

21 "[A] complaint should not be dismissed for failure to state a
22 claim unless it appears beyond doubt that the plaintiff can prove
23 no set of facts in support of his claim which would entitle him to
24 relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "In
25 reviewing a 12(b)(6) motion, this Court must accept the factual
26 allegations of the complaint as true and must draw all reasonable
27 inferences in favor of the plaintiff."  Bernheim v. Litt, 79 F.3d

-4-

318, 321 (2d Cir. 1996); see also Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). The complaint need not set out the facts in detail; what is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a); see also La Salvia v. United Dairymen, 804 F.2d 1113, 1116 (9th Cir. 1986). Thus, the Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).

**IV. DISCUSSION**

    A.   First Cause of Action:  Violation of the Unclaimed Property Law

Plaintiffs allege that the Stocks should have escheated to the Controller of the State of California, as decreed by California Civil Procedure § 1516(b). See Compl. ¶ 21. Defendants, Plaintiffs allege, violated the law by not reporting the Stocks to the Controller. See id.

Defendants contend that Plaintiffs have not alleged a sufficient factual basis for this claim. See Defendants' Memorandum in Support of Motion to Dismiss ("Defs'. Mem.") at 4.

CCP § 1516(b) states that items such as the Stocks escheat to the State of California if (1) item is owned by a person who for more than three years has neither claimed a dividend or other sum referred to in CCP § 1516(a) nor corresponded with the business association who issued the item (in this case Northern Empire Bancshares) or otherwise indicated an interest with the association and (2) the association does not know the location of

-5-

the owner at the end of the three-year period.

The Court finds that Plaintiffs have stated a claim for relief. Specifically, it does not appear beyond doubt that Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. Reading the Complaint broadly, Plaintiffs have alleged - however sloppily - that at least three years passed during which the owner did not claim a dividend or corresponded with the association. The Court also finds that Plaintiffs have alleged that the business association did not know James Morris's address at the end of the period, as evidence by the return of his mail to Mellon. Accordingly, the Court DENIES the motion to dismiss this cause of action.

B.   Sixth Cause of Action:   Elder Abuse

Plaintiffs allege that Defendants took, secreted and retained the personal property of an elder (Julie) to a wrongful use within the meaning of Welfare and Institutions Code § 15610.30. See Compl. ¶¶ 51-56.

Defendants contend that Plaintiffs have not sufficiently pled a claim for relief because the Stocks were the property of the Trust, not of Julie. See Defs'. Mem. at 6-7.

California Welfare and Institutions Code § 15610.30 states that financial abuse of an elder or dependent person occurs when a person or entity takes, secretes, appropriates or retains real or personal property of a person who is 65 or older to a wrongful use or with intent to defraud.

Only a real party in interest has the right to file a suit under any substantive law. See Saks et al. v. Damon Raike and

-6-

Company, et al., 7 Cal. App. 4th 419, 427 (Cal. Ct. App. 1992). The trustee of a trust, not the beneficiary, has legal title to the assets of a trust and is therefore the real party in interest - not the beneficiary - and may sue in the name of the trust. See id.

The Court finds that Plaintiffs have stated a claim for relief. As trustee, Morris holds legal title to the assets of the trust, which includes the Stocks, and, therefore, when Defendants allegedly took the Stocks, they may have been taking the property of an elder.

Accordingly, the Court DENIES Defendants' motion to dismiss this cause of action.

However, Morris cannot proceed in this action as a beneficiary because, in that role she is not the real party in interest. See id. The Court, then, STRIKES her from the action in her role as beneficiary. Morris, however, remains a party to the case as a trustee of the Trust.

C. Seventh, Eighth and Ninth Causes of Action

Defendants contend that claim of fraud against Mellon should be dismissed because the allegedly fraudulent statements were made by Rothman on behalf of Choicepoint and Equisearch and not by Mellon. See Defs.' Mem. at 7-8. Defendants also contend that the eighth and ninth claims must be dismissed as to Defendant Mellon because the alleged acts of negligent misrepresentation and unfair competition were committed by Rothman on behalf of his employers. See id. at 9-10.

Plaintiffs contend that discovery may yield facts sufficient

-7-

to raise these claims against Mellon.  <u>See</u> Pls'. Mem. at 6.

The Court finds that these claims against Mellon must be dismissed.  Plaintiffs have not alleged that anyone but Rothman committed the fraudulent acts on behalf of Choicepoint and Equisearch.  Because of this failure to allege necessary facts, the Court will dismiss these claims.

Accordingly, the motion to dismiss the seventh, eighth and ninth causes of action is GRANTED.  The Court DISMISSES these claims, but GRANTS Plaintiffs thirty days from the date of this Order to amend them.  If Plaintiffs fail to so file, the Court will deem these claims waived.

**V.   CONCLUSION**

The Court DENIES Defendants' motion as to the first and sixth causes of action.

The Court GRANTS Defendants' motion as to the seventh, eighth and ninth claims.  These claims are hereby DISMISSED WITH LEAVE TO AMEND.  If Plaintiffs fail to file amended claims within thirty days from the date of this Order, the Court will deem Plaintiffs to have waived these claims.

The Court STRIKES Julie Ann Morris from the action in her role as beneficiary.  Morris remains a party to the suit, but only in her role as trustee.

IT IS SO ORDERED.

Dated:  August 28, 2006

UNITED STATES DISTRICT JUDGE

-8-